**HOGAN LOVELLS US LLP**
Tao Y. Leung (State Bar No. 254265)
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
tao.leung@hoganlovells.com

Anna Kurian Shaw (*pro hac vice forthcoming*)
Lauren Cury (*pro hac vice forthcoming*)
Hogan Lovells US LLP
555 13th Street NW
Washington, DC 20004
Telephone: (202) 637-5600
anna.shaw@hoganlovells.com
lauren.cury@hoganlovells.com

*Attorneys for Plaintiff
Technoprobe America, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TECHNOPROBE AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> XIAOXING LU, CHENG WANG, AND FENG XIAO, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR:** <br><br> **(1) Breach of Contract;** <br> **(2) Violation of the Digital Millenium Copyright Act, 17 U.S.C. § 1202;** <br> **(3) Common Law Trademark Infringement;** <br> **(4) Federal Unfair Competition, 15 U.S. Code § 1125(a)(1)(A); and** <br> **(5) Unfair Competition, Cal. Bus. Prof. Code §17200, et seq.** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Technoprobe America, Inc. ("Technoprobe"), through its counsel, states and alleges as follows against Defendants Xiaoxing Lu, Feng Xiao and Cheng Wang (collectively, "Defendants"):

## Nature of Action

1. This is an action for violation of the Digital Millennium Copyright Act 17 U.S. Code § 1202, federal unfair competition under 15 U.S. Code § 1125(a)(1)(A), unfair competition under Cal. Bus. Prof. Code § 17200, *et seq.*, as well as for breach of contract and common law trademark infringement under California law.

## Parties

2. Plaintiff Technoprobe is a California Corporation with its principal place of business located at 2526 Qume Drive, Suite 27, San Jose, CA 95131.

3. Technoprobe is a leading company in the field of semiconductors and microelectronics, and develops advanced and highly innovative solutions for the world of chip testing. Technoprobe specializes in the design, development and production of probe cards: hi-tech devices for testing the functioning of chips during their construction process, and is the second largest manufacturer of probe cards in the world.

4. In 2019 Technoprobe's parent company acquired Microfabrica, Inc. ("Microfabrica"): another California Corporation, and the leader in high-volume production and microscale additive manufacturing, integrating the flexibility of 3D printing with the precision of advanced semiconductor manufacturing processes to design and build microscale solutions that enable new levels of product innovation. Following that acquisition, Microfabrica merged into Technoprobe.

5. Today, the former Microfabrica business represents nearly 80% of the revenue for Technoprobe and its related companies worldwide and is the cornerstone of the Technoprobe business.

6. Defendants are former employees of Technoprobe and Microfabrica.

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW

- 1 -
COMPLAINT

7. Upon information and belief, Defendant Xiaoxing Lu ("Defendant Lu") is an individual residing at 5315 W El Segundo Blvd, Hawthorne, CA 90250. Defendant Lu was employed by Technoprobe as Program Manager, R&D until September 11, 2025. Prior to that, Defendant Lu was employed by Microfabrica.

8. Upon information and belief, Defendant Cheng Wang ("Defendant Wang") is an individual residing at 29205 Cowboy Ct, Valencia, CA 91354. Defendant Wang was employed by Technoprobe as Electroplating Process Engineer until June 2025. Prior to that, Defendant Wang was employed by Microfabrica.

9. Upon information and belief, Defendant Feng Xiao ("Defendant Xiao") is an individual residing at 25819 Blake Ct, Stevenson Ranch, CA 91381. Defendant Xiao was employed by Technoprobe as Electrochemist until May 2025. Prior to his employment with Technoprobe and beginning in June 2007, Mr. Xiao held this same or similar position at Microfabrica.

## Jurisdiction and Venue

10. Jurisdiction is proper in this Court because this litigation arises under federal law, namely the Digital Millennium Copyright Act 17 U.S. Code § 1202, and the Lanham Act 15 U.S. Code § 1125(a)(1)(A). The Court has jurisdiction over this action under 28 U.S. Code § 1331 (federal question). This Court has supplemental jurisdiction over the remaining claims under 28 U.S. Code § 1367.

11. This Court has personal jurisdiction over all three Defendants because each Defendant resides in and is domiciled within this District, including such that they are continuously and systematically present in California. Further, on information and belief, each Defendant has, among other acts: (1) purposefully availed themselves of the rights and benefits of the laws of this State and Judicial District, and (2) directly or through intermediaries conducted, transacted, or solicited business in the State of California and in this Judicial District. In addition, the claims at issue arise out of or relate in substantial part to the Defendants' activities in this District, including arising out of their employment within this District by a company

which is domiciled in and maintains its principal place of business within this District.

12. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1391(c).

## Factual Allegations

*Defendants' Relationships with Technoprobe and Contractual Obligations*

13. Defendants are former employees of Technoprobe and Microfabrica.

14. In connection with their employment, each Defendant entered into a contractual relationship with Microfabrica which inures to the benefit of Technoprobe following the merger.

15. Defendant Lu executed his offer letter with Microfabrica on July 7, 2021.

16. Defendant Wang executed his offer letter with Microfabrica on September 7, 2021.

17. Defendant Xiao executed his offer letter with Microfabrica on June 15, 2007.

18. As a condition of their employment, Defendants also entered into a Confidential Information and Invention Assignment Agreement.

19. Under that Confidential Information and Invention Assignment Agreement, each Defendant agreed:

> "at all times during the term of my Relationship with the Company and thereafter, to hold in strictest confidence, and not to use, except for the benefit of the Company to the extent necessary to perform my obligations to the Company under the Relationship, or to disclose to any person, firm, corporation or other entity without express authorization of an officer of the Company or where the disclosure is properly made under an appropriate non-disclosure agreement, or the like, between the Company and the other third party, any Confidential Information of the Company which I obtain or create. I further agree not to make copies of such Confidential Information except as authorized by the Company."

20. Those Confidential Information and Invention Assignment Agreements define "Confidential Information" to include:

> "any Company proprietary information, technical data, trade secrets or know-how, including, but not limited to, research, product plans, products, services, suppliers, customer lists and customers (including, but not limited to, customers of the Company on whom I called or with whom I became acquainted during the Relationship), prices and costs, markets, software, mask works, ideas, source and object codes, programs, developments, inventions, laboratory notebooks, processes, formulas, technology, designs, drawings, engineering, hardware configuration information, marketing, licenses, finances, budgets, information regarding the skills and compensation of other employees, or other business information disclosed to me by the Company either directly or indirectly in writing, orally or by drawings or observation of parts or equipment or created by me during the period of the Relationship, whether or not during working hours."

21. They also specify that:

> "Confidential Information includes, but is not limited to, information pertaining to any aspect of the Company's business which is either information not known by actual or potential competitors of the Company or other third parties not under confidentiality obligations to the Company or is otherwise proprietary information of the Company or its customers or suppliers, whether of a technical nature or otherwise."

22. The Confidential Information and Invention Assignment Agreements are governed by California law, inure to the benefit of Microfabrica's successors and assigns, including Technoprobe, and provide that their provisions survive termination of the relationships between Technoprobe and each Defendant.

*Defendants Copy Technoprobe's Confidential Information, Videos and Trademarks, Using Them To Unfairly Compete with Technoprobe*

23. On information and belief, during the summer of 2025, Defendants embarked on a coordinated effort to utilize their access to and knowledge of Technoprobe confidential information for the purpose of launching their own

business in competition with Technoprobe, using Technoprobe's proprietary technology.

24. In connection with this effort, Defendants created copies of proprietary Technoprobe research, technical data, market information, designs, drawings and customer purchase orders, among other confidential information.

25. Defendants utilized these copies to create their own "Advanced Semiconductor Test Interface Project Proposal," namely a pitch deck for Defendants' competing business (the "Unauthorized Deck"), which Unauthorized Deck incorporated those copies.

26. Upon information and belief, Defendants have utilized the Unauthorized Deck to solicit business from Technoprobe and its related companies' customers.

27. The Unauthorized Deck was created on Technoprobe systems utilizing a Technoprobe PowerPoint template, as evidenced by the Master View visible within the Unauthorized Deck.

**Figure 1: Master View of Unauthorized Deck
Evidencing Use of Technoprobe Template**



28. The Unauthorized Deck also incorporates Technoprobe's trademark: "INNOVATION BEGINS WITH US" (the "Technoprobe Mark"). *Compare*

Unauthorized Deck at Figure 2 with Technoprobe Website and Social Media Pages at Figure 3.

**Figure 2: Cover Page of the Unauthorized Deck**



**Figure 3: Technoprobe Website and Social Media Pages**





29. The author of the Unauthorized Deck is Defendant Lu who was employed by Technoprobe at the time the Unauthorized Deck was created.

30. In addition, the Unauthorized Deck itself identifies all three Defendants as the "Core Team" associated with the project proposal.

**Figure 4: Unauthorized Deck "Core Team" Slide**



31. The Unauthorized Deck also copies and embeds a video owned by Technoprobe on slide 10 of that deck.

32. However, Defendants altered the video to remove copyright management information identifying Microfabrica and Technoprobe as its source.

33. Specifically, Defendants removed mentions of Microfabrica at approximately minutes 0:23 and 1:49 of the video. Defendants also removed the Technoprobe and Microfabrica logos from the end of the video. *Compare* end of Technoprobe video altered and embedded by Defendants at Figure 5 with end of original Technoprobe video, displaying removed Microfabrica and Technoprobe trademarks at Figure 6.

**Figure 5: End of Technoprobe Video Altered and Embedded by Defendants**



**Figure 6: End of Original Technoprobe Video,
Displaying Removed Microfabrica and Technoprobe Trademarks**



34. On information and belief, Defendants presented this Unauthorized Deck to potential investors and customers on or about August 7, 2025. In so doing, Defendants not only disclosed Technoprobe's proprietary information, but also the proprietary information of Technoprobe customers whose confidential purchase orders were included in the Unauthorized Deck.

35. Each of the actions taken by Defendants set forth in the preceding paragraphs 23 through 34 were done without the consent or knowledge of Technoprobe.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract – Against All Defendants

36. Technoprobe repeats and realleges each and every allegation of this Complaint as if fully set forth herein.

37. Technoprobe and Defendant Lu are parties to a 2021 Confidential Information and Invention Assignment Agreement, which agreement is a valid contract (the "Lu Contract").

38. Technoprobe and Defendant Wang are parties to a 2021 Confidential Information and Invention Assignment Agreement, which agreement is a valid contract (the "Wang Contract").

39. Technoprobe and Defendant Xiao are parties to a 2007 Confidential Information and Invention Assignment Agreement, which agreement is a valid contract (the "Xiao Contract").

40. Technoprobe performed all conditions, covenants and promises required on its part to be performed in accordance with the Lu, Wang and Xiao Contracts' terms and conditions, and any and all other conditions required by the Lu, Wang and Xiao Contracts for Defendants' performance thereof.

41. Upon information and belief, Defendant Lu breached his obligations under the Lu Contract by creating copies of and disclosing Confidential Information as defined in the Lu Contract, including Technoprobe proprietary information,

technical data and know-how, and including at least research, products, customers, inventions, technology, designs, drawings and business information, to potential investors and customers for Defendant Lu's own benefit, and without authorization by Technoprobe.

42. Upon information and belief, Defendant Wang breached his obligations under the Wang Contract by creating copies of and disclosing Confidential Information as defined in the Wang Contract, including Technoprobe proprietary information, technical data and know-how, and including at least research, products, customers, inventions, technology, designs, drawings and business information, to potential investors and customers for Defendant Wang's own benefit, and without authorization by Technoprobe.

43. Upon information and belief, Defendant Xiao breached his obligations under the Xiao Contract by creating copies of and disclosing Confidential Information as defined in the Xiao Contract, including Technoprobe proprietary information, technical data and know-how, and including at least research, products, customers, inventions, technology, designs, drawings and business information, to potential investors and customers for Defendant Xiao's own benefit, and without authorization by Technoprobe.

44. As a direct and proximate cause of Defendants' breaches, Technoprobe has been damaged in an amount to be proven at trial. Defendants have and are misusing Technoprobe's confidential and proprietary information – for the benefit of Defendants – to unfairly compete with Technoprobe in the marketplace. As a result, Technoprobe has suffered and will continue to suffer reputational damage, economic injury and monetary loss to its business, including, for example, lost sales and price erosion of Technoprobe's products.

45. Indeed, each of the Lu, Wang and Xiao Contracts expressly recognize that violation of those contracts may cause Technoprobe irreparable harm, and that Technoprobe "will be entitled to seek extraordinary relief in court, including but not

limited to temporary restraining orders, preliminary injunctions and permanent injunctions without the necessity of posting a bond or other security and in addition to and without prejudice to any other rights or remedies that the Company may have for a breach of this Agreement."

## SECOND CLAIM FOR RELIEF

**(Violation of the Digital Millenium Copyright Act, 17 U.S.C. § 1202 – Against All Defendants)**

46. Technoprobe repeats and realleges each and every allegation of this Complaint as if fully set forth herein.

47. The Technoprobe Video contained copyright management information as defined in 17 U.S.C. § 1202(c).

48. Defendants have intentionally removed such copyright management information, including the Microfabrica name and Technoprobe and Microfabrica logos, both of which identify the author and copyright owner of the Technoprobe Video, from the Technoprobe Video without permission in violation of 17 U.S.C. § 1202(b).

49. Defendants have distributed their altered version of the Technoprobe Video, knowing that the copyright management information associated with that video had been removed or altered without authority of the copyright owner or the law.

50. Defendants have removed that copyright management information, and have distributed the resultant altered Technoprobe Video, with the intent to conceal their own infringement of the Technoprobe Video and to induce, enable and facilitate others' infringement thereof.

## THIRD CLAIM FOR RELIEF

**(Common Law Trademark Infringement – Against All Defendants)**

51. Technoprobe repeats and realleges each and every allegation of this Complaint as if fully set forth herein.

52. Technoprobe owns the Technoprobe Mark, which is uniquely associated with Technoprobe as the source of the products and services offered in connection with the Technoprobe Mark.

53. The Technoprobe Mark is inherently distinctive and has additionally acquired distinctiveness by virtue of Technoprobe's widespread use of and investment therein.

54. Technoprobe has established goodwill associated with its Technoprobe Mark and Defendants are trading upon Technoprobe's goodwill therein through the unauthorized and unlicensed use of marks which are identical or confusingly similar to the Technoprobe Mark.

55. Defendants' intentional, unauthorized use of marks which are identical or confusingly similar to the Technoprobe Mark in connection with the sale, offering for sale, advertising and marketing of semiconductor and chip testing services and technology is likely to cause confusion, or to cause mistake or to deceive, in violation of California common law.

56. Defendants' intentional, unauthorized use of marks which are identical or confusingly similar to the Technoprobe Mark in connection with the sale, offering for sale, advertising and marketing of semiconductor and chip testing services and technology constitutes infringement of Technoprobe's preexisting, superior and longstanding common law rights in the Technoprobe Mark, which Technoprobe acquired in good faith.

57. Defendants have willfully, deliberately, maliciously, intentionally, knowingly and in bad faith violated – and continue to violate – Technoprobe's common law rights in the Technoprobe Mark.

58. As a result of Defendants' acts, Defendants caused, and will continue to cause, irreparable harm to Technoprobe and to the goodwill associated with the Technoprobe Mark.

59. Technoprobe has no adequate remedy at law and is entitled to injunctive and other relief.

## FOURTH CLAIM FOR RELIEF

### (Federal Unfair Competition, 15 U.S. Code § 1125(a)(1)(A) – Against All Defendants)

60. Technoprobe repeats and realleges each and every allegation of this Complaint as if fully set forth herein.

61. Technoprobe owns the Technoprobe Mark, which is uniquely associated with Technoprobe as the source of the products and services offered in connection with the Technoprobe Mark.

62. The Technoprobe Mark is inherently distinctive and has additionally acquired distinctiveness by virtue of Technoprobe's widespread use of and investment therein.

63. Defendants have and continue to use in commerce marks which are identical or confusingly similar to the Technoprobe Mark in connection with the sale, offering for sale, advertising and marketing of semiconductor and chip testing services and technology, which use is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection or association of Defendants with Technoprobe or as to the origin, sponsorship or approval of Defendants' services or commercial activities by Technoprobe in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

64. Upon information and belief, Defendants' conduct is willful, deliberate, intentional and in bad faith.

## FIFTH CLAIM FOR RELIEF

### (Unfair Competition, Cal. Bus. Prof. Code § 17200, *et seq.* – Against All Defendants)

65. Technoprobe repeats and realleges each and every allegation of this Complaint as if fully set forth herein.

66. California's Unfair Competition Law ("UCL") prohibits any business act or practice that is "unlawful," or "unfair," or "fraudulent," as well as any "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

67. Technoprobe has standing under the UCL as it has been deprived of money and/or property sufficient to qualify as injury in fact, such economic injury being the direct result of Defendants' fraudulent, unlawful and unfair business practices described herein.

68. UCL § 17203 provides that "[a]ny person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction."

69. Technoprobe seeks injunctive relief under § 17203 enjoining Defendants from ongoing unlawful, unfair, and fraudulent business practices, including continued breach of their contracts, federal unfair competition, violation of the Digital Millenium Copyright Act, and trademark infringement. Such conduct is an actual and imminent threat to Technoprobe, including, but not limited to, lost business, lost goodwill, and reputational harm. Unless Defendants are restrained by a permanent injunction, Technoprobe will suffer severe, irreparable harm, including to the over 80% of its business which relies upon the proprietary technology and innovative solutions implicated by Defendants' actions. Technoprobe is informed and believes, and on that basis alleges, that unless the Court grants injunctive relief, Defendants will continue to unfairly compete with Technoprobe, and to further disclose Technoprobe's confidential and proprietary information.

70. Defendants' common law trademark infringement, federal unfair competition, and breach of their contracts with Technoprobe are blatantly illegal violating federal law and California common law, and rendering them unlawful under the UCL. Technoprobe has no adequate remedy at law because monetary damages will not afford adequate relief for the loss of its business relationships,

disclosure of its proprietary technology and confidential information, and client goodwill.

71. Defendants' wrongful conduct has had effects on California residents, including Technoprobe and its California customers.

72. Defendants' unlawful business practices not only harm Technoprobe but also threaten its customers, including by disclosing customer confidential information. Technoprobe thus brings this claim to remedy an important right affecting the public interest and seeks to confer on the public a significant benefit. Pursuant to Code of Civil Procedure Section 1021.5, Technoprobe seeks and should be awarded, in addition to all other remedies, prevailing party attorneys' fees.

## **Prayer for Relief**

Wherefore, Technoprobe prays for the following relief from this Court:

A. Enter judgment in favor of Technoprobe and against Defendants on all counts.

B. Preliminarily and permanently enjoin Defendants from directly or indirectly engaging in any further violation of the Digital Millennium Copyright Act, Lanham Act or California Business and Professional Code, breach of the Confidential Information and Invention Assignment Agreements, or trademark infringement, and from aiding, abetting, encouraging or inducing another to do so.

C. Order an accounting and order Defendants to pay to Technoprobe:

    i. All monetary gains, profits and advantages derived by Defendants for the acts complained of herein;

    ii. Damages incurred by Technoprobe, including both actual and statutory damages in the maximum amount authorized under 17 U.S. Code § 1203, and including enhanced damages (up to treble) as authorized by 15 U.S.C. § 1117;

      iii. Punitive and exemplary damages to be determined by the Court after a full hearing on the merits; and

      iv. Technoprobe's costs and disbursements in this action, including reasonable attorneys' fees and prejudgment and post-judgment interest.

    D. Any and all other legal and equitable relief as may be available under law and which the court may deem proper.

## Jury Demand

Technoprobe hereby demands a jury trial on all claims and issues presented in this Complaint so triable.

Dated: September 12, 2025    HOGAN LOVELLS US LLP

By: */s/ Tao Y. Leung*
Tao Y. Leung (State Bar No. 254265)
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
tao.leung@hoganlovells.com

Anna Kurian Shaw (*pro hac vice forthcoming*)
Lauren Cury (*pro hac vice forthcoming*)
Hogan Lovells US LLP
555 13th Street NW
Washington, DC 20004
Telephone: (202) 637-5600
anna.shaw@hoganlovells.com
lauren.cury@hoganlovells.com

*Attorneys for Plaintiff*
*Technoprobe America, Inc.*